*482 OPINION.
MoRRis:
The first allegation of error urged by the petitioner relates to a deduction, claimed by it in the computation of net income for 1919, of a sum of $45,000 allowed by the United States Shipping Board Emergency Fleet Corporation, under certain termination agreements hereinbefore referred to, which amount the respondent has disallowed. Section 234 (a) (1) of the Revenue Act of 1918 provides:
That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, * * *
If the amount in question is deductible in the year 1919 as contended by the petitioner, it must have been “ paid or incurred during the taxable year.” The petitioner admits that no part of the allowance made by the Government was actually paid for the removal of the hulls in 1919, and, furthermore, that no contract had been entered into in that year, or at any time since then (other than the termination agreements entered into with the United States Shipping Board), by which it was bound to pay the sum of $45,000 for the demolition and removal of said hulls. Therefore, if the expense was incurred at all in 1919, it must have been by virtue of the termination agreements in which the disposal of these hulls was provided for. While those agreements provided that the petitioner, without expense to the United States Government, “shall remove or otherwise dispose of ” these hulls, it is clear from the context that it made little or no difference to the Government whether they were in fact disposed of or not, which is borne out by the fact that title to the uncompleted hulls passed to the petitioner under those agreements.
As we view the situation, the petitioner realized in 1919 that these uncompleted hulls would ultimately have to be removed from the *483 premises, the cost of which, estimated by its superintendent to be $45,000, is set. up in its books of account as a reserve to provide for this contingent expense.
Since the amount claimed as a deduction was neither “paid or incurred ” within the meaning of section 234 (a) (1) sufra, we are of the opinion that the action of the respondent in disallowing this amount as a deduction in 1919 was proper, and we so hold.
The petitioner has offered no evidence in support of the second and third allegations of error herein, and, therefore, since the determinations of the respondent are regarded as prima facie correct in proceedings before us, we must, under the circumstances approve his findings with respect to those issues.

■Judgment will be entered for the respondent.